IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER L. CRANE, DAVID A. ENGLE, ANASTASIA MARIE CARROLL, RICARDO DIAZ, LORENZO GARZA, FELIX LUCIANO, TRE REBSTOCK, FERNANDO SILVA, SAMUEL MARTIN, JAMES D. DOEBLER, and THE STATE OF MISSISSIPPI, by and through GOVERNOR PHIL BRYANT<br><br>　　Plaintiffs,<br><br>　　v.<br><br>JANET NAPOLITANO, in her official capacity as Secretary of Homeland Security, JOHN MORTON, in his official capacity as Director of Immigration and Customs Enforcement, and ALEJANDRO MAYORKAS, in his official capacity as Director of United States Citizenship and Immigration Services<br><br>　　Defendants. | Civil Action No. 3:12-cv-03247-O |

**PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTIVE RELIEF**

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, by and through their attorneys, Plaintiffs Christopher L. Crane, David A. Engle, Anastasia Marie Carroll, Ricardo Diaz, Lorenzo Garza, Felix Luciano, Tre Rebstock, Fernando Silva, Samuel Martin, James D. Doebler, and the State of Mississippi, by and through Governor Phil Bryant, file this Application for Preliminary Injunctive Relief ("Application") to enjoin the defendants from implementing and enforcing the June 15, 2012, Directive issued by Defendant Secretary of Homeland Security

1

Janet Napolitano entitled "Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children" (hereinafter "the Directive") and related provisions of the June 17, 2011, Memorandum issued by Defendant Immigration and Customs Enforcement (ICE) Director John Morton entitled "Exercising Prosecutorial Discretion Consistent with the Civil Immigration Enforcement Priorities of the Agency for the Apprehension, Detention, and Removal of Aliens" (the "Morton Memorandum"), until such time as the lawfulness of the Directive and related provisions of the Morton Memorandum is fully decided by this Court.  The plaintiffs request that any security associated with the issuance of the requested injunction not exceed $1,500.00, because the relief that the plaintiffs seek serves the public interest; and a preliminary injunction will not harm or damage the defendants or the agencies that they administer.

The plaintiffs' Application is based on the facts and legal arguments and authorities set forth in the plaintiffs' accompanying Brief in Support of their Application for Preliminary Injunctive Relief ("Brief"), all of which are incorporated herein.  As detailed therein, the plaintiffs have demonstrated the following in support of their Application:

1.	Four factors govern the Court's decision whether to issue a preliminary injunction: (1) the probability of success on the merits; (2) the threat of irreparable harm if the injunction does not issue; (3) the relative balance of harm to the parties; and (4) the public interest.  In this case, each of those factors weighs heavily in support of granting the plaintiffs the relief they request.

2.	<u>First</u>, the plaintiffs have more than a reasonable probability of success on the merits because, among other reasons, the Directive violates 8 U.S.C. § 1225(b)(2)(A) in conjunction with 8 U.S.C. §§ 1225(a)(1) and (a)(3); exceeds the defendants' authority under

federal law through the granting of "deferred action" and employment authorization by a non-law-enforcement agency claiming the power of "prosecutorial discretion;" violates the Administrative Procedure Act of 5 U.S.C. § 553; violates the separation of powers under the United States Constitution; and violates the constitutional obligation of the defendants to faithfully execute the law, under Article II, section 3, of the United States Constitution .

3. <u>Second</u>, the ICE Agent Plaintiffs will be irreparably harmed if the requested preliminary injunction is not granted because, among other things, they will be required to violate federal law or face adverse employment consequences.  Plaintiff the State of Mississippi will be irreparably harmed by the irretrievable loss of taxpayer dollars that will be expended as a result of thousands of illegal aliens who would otherwise have been removed remaining in the State.  In addition, the immigration law enforcement system will be damaged every time a legally-invalid immigration benefit is conveyed upon an alien who is a Directive beneficiary.

4. <u>Third</u>, the harm, if any, to the defendants resulting from the requested stay of the enforcement of the Ordinance until its lawfulness and constitutionality can be determined is greatly outweighed by the irreparable harm the plaintiffs will sustain if the requested injunctive relief is not granted.  Indeed, the injunctive relief will save the federal government a significant amount of resources by staying the costly implementation of the Directive and allowing personnel under the defendants' control to return to their lawful duties and responsibilities.

5. <u>Fourth</u>, a compelling public interest weighs heavily in favor of enjoining the implementation of the Directive and related provisions of the Morton Memorandum.

WHEREFORE, the plaintiffs respectfully request that the Court enter orders restraining and enjoining the defendants from implementing or enforcing the Directive and related provisions of the Morton Memorandum until such time as their lawfulness is finally decided by

this Court, and granting the plaintiffs such other relief, at law or in equity, to which they may show themselves entitled.

DATED:  November 28, 2012

> Respectfully Submitted,
>
> s/ Kris W. Kobach
>
> KRIS W. KOBACH
> Kansas Bar No. 17280 (admitted *pro hac vice*)
> Kobach Law, LLC
> 4701 N. 130th St.
> Kansas City, Kansas 66109
> Telephone:  913-638-5567
> kkobach@gmail.com
>
> P. MICHAEL JUNG
> Texas Bar No. 11054600
> Strasburger & Price, LLP
> 901 Main Street, Suite 4400
> Dallas, Texas 75202
> Telephone: 214-651-4300
> michael.jung@strasburger.com
>
> *Attorneys for Plaintiffs*

## CERTIFICATE OF CONFERENCE

On November 27, 2012, the undersigned conferred with Adam D. Kirschner, counsel for Defendants, with regard to Plaintiffs' Application for Preliminary Injunction; and Mr. Kirschner indicated that Defendants are opposed to the relief requested herein.

s/ Kris W. Kobach
Kris W. Kobach

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2012, I caused the foregoing document to be served via the Court's electronic case filing system on the following:

Adam D. Kirschner
U.S. Department of Justice, Civil Division
20 Massachusetts Ave., N.W.
Washington, D.C. 20530

COUNSEL FOR DEFENDANTS

s/ Kris W. Kobach
Kris W. Kobach
